# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES E. HANCOCK,
:
    Petitioner,                           Case No. 3:05-cv-310

:        District Judge Thomas M. Rose
  -vs-                                    Chief Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,
:
    Respondent.

---

## REPORT AND RECOMMENDATIONS

---

      Petitioner James E. Hancock brought this habeas corpus action *pro se* to seek relief from his July, 2002, conviction in the Montgomery County Common Pleas Court for corruption of another with drugs. He raises three claims:

> **Ground One:** Ineffective Assistance of Trial Counsel.
>
> **Supporting Facts:** Trial counsel failed to ask for instructions on a lesser-included offense of corruption of another with drugs for defendant when he asked for lesser included instruction on defendants Kidnapping [sic] charge and jury found defendant guilty on that charge. That question is asked here as to whether defendant should have been in the least given a chance to pose the question to the jury and let them decide the answer. (See Memorandum in Support)
>
> **Ground Two:** Ineffective Assistance of Appellate Counsel D. K. Wehner.
>
> **Supporting Facts:** Appellate counsel D.K. Wehner filed an Anders brief to the Court of Appeals on behalf of Appellant with consulting appellate [sic] about any issues that he would have liked to have presented to the Court, especially the issue of the lesser-included

>    offense to the Corrupting of Another with Drugs charge, which defendant believes should have been charged to the jury as Contributing to the Delinquency of a Minor. (See Memorandum in Support)
>
>    **Ground Three:** Ineffective Assistance of Appellate Counsel Mariah D. Butler.
>
>    **Supporting Facts:** Appellant filed a [sic] Appellate Rule 26(B) motion to the Appeals Court citing the issue of Appellate Counsel not raising the issue of lesser instruction on the Corrupting charge, and was granted leave to brief on the issue and assigned above-mentioned new counsel against his expressed wishes. New counsel did everything in her power to sabotage his appeal, from not timely filing briefs, to lying to him and his family about said briefs being filed, and other various underhanded tactics. (See Memorandum in Support.)

(Petition, Doc. No. 1 at 5-6.)

The Memorandum in Support to which Petitioner refers is essentially a cover sheet for a document captioned as a Memorandum in Support of Jurisdiction in the Ohio Supreme Court. Petitioner says he intended to file this with the Ohio Supreme Court but never did so. The Proposition of Law stated in the Table of Contents is "An appeals court commits reversable [sic] error when its interpretation of a statue [sic] is arbitrarily decided and is contrary to legislative intent." However, instead of making any argument on that proposition of law, Petitioner spend the Memorandum arguing that he was selectively prosecuted.

Instead of filing an answer to the Petition, Respondent moves to dismiss the Petition because it contains unexhausted claims (Motion to Dismiss, Doc. No. 5). Respondent asserts that Petitioner could still file a motion for delayed appeal in the Ohio Supreme Court.

The only assignment of error Petitioner made in his *pro se* brief to the Court of Appeals was that he suffered ineffective assistance of trial counsel in the way counsel handled one of the State's witnesses. Petitioner is not attempting to present that claim to this Court.

Once the Court of Appeals had granted reopening under Ohio App. R. 26(B), the sole assignment of error presented was that trial counsel had been ineffective for failure to request an instruction on the lesser-included offense of contributing to the delinquency of a minor. The Court of Appeals decided that issue on the merits. *State v. Hancock*, Case No. CA 19434 (Ohio App. 2d Dist. January 14, 2005)(Available from the website of Dan Foley, Montgomery County Clerk of Courts). From that decision, Petitioner could still seek leave to file a delayed appeal in the Ohio Supreme Court and thus this claim (Ground One of the Petition) is indeed unexhausted.

Ground Two of the Petition claims that Mr. Hancock received ineffective assistance of appellate counsel from attorney D. K. Wehner. This claim is not unexhausted because Mr. Hancock has already "won" on this claim when the Court of Appeals reopened his appeal to allow him to address the issue which he claimed Mr. Wehner had omitted. To put it another way, if this Court were to find that Mr. Wehner provided ineffective assistance, the only relief it could give would be to order the State to allow Mr. Hancock another appeal in which he could raise that issue. Since he has already obtained that relief, Ground Two of the Petition is moot.

In Ground Three, Petitioner complains of ineffective assistance of appellate counsel by the second attorney appointed for him by the Court of Appeals, Mariah Butler. This claim has never been presented to any Ohio court. It is unclear to this Court whether it can now be presented to any Ohio court, either the Ohio Supreme Court on a motion for delayed appeal or the Second District Court of Appeals on a successive application for reopening under Ohio App. R. 26(B). In any event, Petitioner does not state what prejudice he suffered as a result of Ms. Butler's mode of representation.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available

to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). Petitioner has not exhausted Grounds One and Three and must do so since the State has not expressly waived exhaustion.

However, the appropriate remedy in this case is not dismissal as sought by the State, but a stay and abeyance order. *Rose v. Lundy,* 455 U.S. 509 (1982), the authority on which the State relies for dismissal, was decided before adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") in 1996 which enacted a one-year statute of limitations for habeas corpus claims. Furthermore, filing a habeas petition does not toll the statute. Thus the statute of limitations on Petitioner's claims will probably expire February 28, 2006.

In recognition of the dilemma presented to prisoners by the intersection of the exhaustion requirement and the statute of limitations, the Supreme Court has held that it is proper to stay a habeas petition and allow a petitioner to exhaust his claims in the state courts. *Rhines v. Weber*, 541 U.S. \_\_\_, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

It is accordingly recommended that

1. The Motion to Dismiss be denied;

2. Petitioner be ordered to file a motion for delayed appeal in the Ohio Supreme Court not later than thirty days from the date this Report is adopted; and

3.      All further proceedings herein be stayed pending a decision by the Ohio Supreme Court.

December 22, 2005.

                                                                    s/ **Michael R. Merz**
                                                              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

            Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Hancock v. Brunsman 02.wpd