**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JAMES E. HANCOCK,
:
    Petitioner,                                    Case No. 3:05-cv-310

:          District Judge Thomas M. Rose
   -vs-                                       Chief Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,
:
    Respondent.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

This case is before the Court on Petitioner's Objections (Doc. No. 7) to the Magistrate Judge's Report and Recommendations (Doc. No. 6) which concluded, on Respondent's Motion to Dismiss (Doc. No. 5), that Petitioner's first ground for relief was not exhausted because he had not attempted a delayed appeal to the Ohio Supreme Court.

Plaintiff pled three grounds for relief

1. Ineffective assistance of trial counsel for failure to request a jury instruction on a lesser included offense.

2. Ineffective assistance of appellate counsel D.K. Wehner for failure to raise the first ground.

3. Ineffective assistance of appellate counsel Mariah Butler.

The Magistrate Judge concluded that Ground Two was moot because Petitioner had already won on this claim: he filed an Ohio App. R. 26(B) application to reopen his direct appeal, claiming Mr. Wehner had been ineffective for failure to raise ground one and the Ohio Court of Appeals

-1-

granted that application, reopened the appeal, and decided that claim on the merits.

The Magistrate Judge concluded that Ground Three failed to state a claim upon which relief could be granted because Petitioner did not state how Ms. Butler's allegedly defective performance had prejudiced him and prejudice is required to state a claim for ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984). The Report also concluded this claim had never been presented to the Ohio courts.

With respect to Ground One, the Magistrate Judge concluded that the claim was unexhausted because Petitioner still had available the potential remedy of delayed direct appeal from the final judgment of the Court of Appeals affirming his conviction.

In his Objections, Petitioner states as to Ground One that (1) this Court knows the Ohio Supreme Court will not accept a delayed appeal from a 26(B) application and (2) Petitioner cannot appeal because he does not have a copy of the decision of the Court of Appeals.

Petitioner is incorrect on his first objection. While the Ohio Supreme Court will not accept a delayed appeal from **denial** of a 26(B) application, that is not what happened in this case. The Court of Appeals granted the 26(B) application, reopened the appeal, and decided Mr. Hancock's assignment of error about the lesser included jury instruction on the merits, ultimately denying relief. So the delayed appeal is not from denial of a 26(B) application, but from affirmance of a conviction. The Sixth Circuit has expressly held that this remedy must be exhausted before coming to federal court on habeas. *Mackey v. Koloski,* 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970).

With respect to his second objection, the Court has printed a copy of the relevant decision on appeal from the Second District Court of Appeals and is furnishing it to the Petitioner with a copy

of this Supplemental Report and Recommendations. If in fact this is the first time Petitioner has had a copy, he should call that fact to the attention of the Ohio Supreme Court in his motion for delayed appeal.

With respect to Ground Three, Mr. Hancock asserts that his allegations of ineffective assistance against Ms. Butler are in many places in the state court record. Those documents are not at this time before this Court. However, it is still true that the Petition does not state a claim as to how Mr. Hancock was prejudiced by whatever it is Ms. Butler did or did not do. The fact that Mr. Hancock did not want Ms. Butler as a lawyer or that she did not want him as a client does not make her representation ineffective. To show ineffectiveness, Petitioner must tell this Court plainly what it is that she didn't do that she should have done and what rights Petitioner lost as a result.

Petitioner makes no response to the Magistrate Judge's conclusion that Ground Two relating to Mr. Wehner is moot.

Petitioner requests an evidentiary hearing and a lawyer to represent him at that hearing, but he has not yet met the standards for such a hearing since he has not exhausted his remedy of delayed direct appeal.

Based on the foregoing analysis, it is again respectfully recommended that:

1. The Motion to Dismiss be denied;
2. Petitioner be ordered to file a motion for delayed appeal in the Ohio Supreme Court not later than thirty days from the date this Report is adopted; and

3.     All further proceedings herein be stayed pending a decision by the Ohio Supreme Court.

January 9, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).